UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24142-CIV-SEITZ/SIMONTON

FIVE FOR ENTERTAINMENT S.A., *et al.*,

        Plaintiffs,

vs.

RAMON LUIS AYALA RODRIGUEZ, *et al.*,

        Defendants.
_____/

## ORDER GRANTING MOTION FOR CLARIFICATION AND DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiffs' Motion for Reconsideration and/or Clarification of Order Granting Summary Judgment [DE-171], in which Plaintiffs seek reconsideration of the Court's Order Granting in Part Summary Judgment on the Contract Claims [DE-169]. In that Order, the Court granted Defendants summary judgment on the breach of the Engagement Contract claim, denied summary judgment to both sides on the breach of the Second Contract claims, and dismissed Plaintiffs' unjust enrichment and quantum meruit claims. Plaintiff now seeks reconsideration on three issues: (1) to clarify that Plaintiff Iraola was not a party to the Engagement Contract and therefore could not have breached it; (2) the Court's finding that the deadline for payment under the Engagement Contract was November 15, 2010; and (3) the Court's failure to submit to the jury the issue of whether Defendants' rejection of Plaintiffs' offer of late payment was reasonable. The Motion for Clarification is granted to clarify that Iraola was not party to the Engagement Contract and, therefore, could not have breached it. The Motion for Reconsideration is denied because Plaintiffs have failed to meet the

requirements for reconsideration.

Reconsideration of an order "is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla.. 2002). There are three grounds for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Id.* at 1369. Here, Plaintiffs are arguing clear error. In order to demonstrate clear error, a plaintiff must do more than simply restate previous arguments. *Bautista v. Cruise Ships Catering & Service Intern'l, N.V.*, 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court ... already thought through – rightly or wrongly.... The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (citations omitted and brackets omitted). Thus, a "motion for reconsideration cannot be used to re-litigate old matters, raise argument or present evidence that could have been raised prior to the entry of the [challenged order]. This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. Teevee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citations omitted).

Plaintiffs first seek reconsideration or clarification of the Court's Order as to who breached the Engagement Contract. Neither side disputes that only Plaintiff Five for Entertainment S.A. was a party to the Engagement Contract. Thus, Plaintiff Iraola could not have breached a contract to which he was not a party. Consequently, Plaintiffs' Motion for Clarification is granted as to this issue. Only Five for Entertainment breached the Engagement

Contract.

Next, Plaintiffs argue that the Court erred in finding that the deadline for payment under the Engagement Contract was November 15, 2010. However, this argument is simply an attempt to re-litigate an issue already addressed by the Court. The Court has previously found that Plaintiffs' final payment under the Engagement Contract was due on November 15, 2010.[1] Plaintiffs' motion has not presented any errors of law, misapprehensions, new facts, or even new arguments to support reconsideration of that finding. Plaintiffs' additional argument, that a cashier's check received by Defendants on November 16 would have resulted in timely payment, is dependant on the Court reconsidering the due date for payment, which it declines to do. Thus, the motion for reconsideration is denied as to this issue.

Finally, Plaintiffs assert that the Court erred in failing to submit to the jury the issue of whether it was reasonable for Defendants to demand performance of the Engagement Contract by November 15, 2010. The argument, however, was available to Plaintiffs at the time of the summary judgment motions. Plaintiffs failed to raise it then. It is not the purpose of a motion for reconsideration to make arguments that could have been made earlier. Thus, the motion for reconsideration is denied as to this issue.

Accordingly, it is

ORDERED that Plaintiffs' Motion for Reconsideration and/or Clarification of Order Granting Summary Judgment [DE-171] is GRANTED in part and DENIED in part.

---

[1] Defendants agreed to extend the original deadline for final payment from the November 1, 2010 date specified in the Engagement Contract until November 11, 2010, per a November 9, 2010 email, and then agreed to extend the deadline again, via email on November 13, 2010, until November 15, 2010.

a) The Motion for Clarification is GRANTED. Only Plaintiff Five for Entertainment breached the Engagement Contract because Plaintiff Iraola is not a party to the Engagement Contract.

b) The Motion is DENIED in all other respects.

DONE and ORDERED in Miami, Florida, this 28th day of August, 2013.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record