UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-24142-CIV-SEITZ/SIMONTON

FIVE FOR ENTERTAINMENT, S.A., d/b/a
FIVE LIVE ENTERTAINMENT and DIEGO
HERNAN DE IRAOLA,

        Plaintiffs.

v.

RAMON LUIS AYALA RODRIGUEZ a/k/a
DADDY YANKEE, EL CARTEL RECORDS
INC., ICARO SERVICES INC. and EDGAR
BALDIRI MARTINEZ,

        Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY

This matter came before the Court on Defendants' Motion to Exclude Expert Testimony [DE 122]. The Motion seeks to exclude the entire testimony of Plaintiffs' two damage experts, Ernesto Schargrodsky and Guido Sandleris, who jointly wrote an expert report.[1] The Court has considered Defendants' Motion, the Plaintiffs' Response [DE 129], and the Defendants' Reply [DE 133] and the record.

It will grant the motion on relevance grounds as to any testimony relating to the breach of the Engagement Contract because the breach of the Engagement Contract is no longer an issue in the case. It will also grant the motion regarding that portion of the opinion that addresses the long term

---

[1] Plaintiffs have specified that they are offering the proposed opinion solely on the breach of contract claims and not the defamation claims, see DE -129 at 5-7. Therefore, the expert they select to testify may not mention the defamatory statements nor testify such was a factor that "may have compounded the negative effect of the cancellation on the Plaintiffs' business."

consequential damages flowing from the alleged breach of the two contracts because the report does not segregate the two contracts and thus no longer fits the case. *Boca Raton Community Hospital v. Tenet Health Care Corp.*, 582 F.3d 1227, 1233 (11th Cir. 2009).

The Court will deny, for the present, the motion as to the Second Contract's direct damages because the grounds Defendants raise do not specifically attack this sum other than the failure to set out the evidence on which the opinion relies. While this should have been provided in the report and the Plaintiffs could have cured the issue in their reply, but did not, it appears to be something that can easily be rectified. The more important issue, however, is whether expert testimony is necessary on this issue. It appears that the amount of the Second Contract's direct damages is merely the result of adding out-of-pocket expenses. This does not require expert testimony. Plaintiffs have personal knowledge of their losses and simple addition is within the common knowledge of a lay jury. The Court will address the need for any expert testimony on amount of the direct loss attributable to the Second Contract at the Pretrial Conference.

The parties are also advised that given the cross-claims as to the breach of the Second Contract, the Court is considering bifurcating the presentation of the liability and damages portions of the trial before the same jury. This will also be discussed at the Pretrial Conference.

Because the Court premises its decision on the threshold issues of relevance, it is not necessary to address the Defendants' several grounds, which all appear to focus on the consequential damages following from the alleged breach of both contracts. Therefore, it is

ORDERED that:

(1) Defendants' Motion to Exclude Expert Testimony is GRANTED in part. It is GRANTED as to any opinion on the damages flowing from the breach of the Engagement Contract or to the multiple year consequential damages flowing from the alleged breach of both contracts.

(2) The Motion is DENIED regarding the opinion as to the direct damages flowing from the Second Contract, subject to a further discussion at the Pretrial Conference.

DONE AND ORDERED in Miami, Florida this 29th day of August, 2013.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record