UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-24142-CIV-SEITZ

FIVE FOR ENTERTAINMENT S.A., *et al.*,

   Plaintiffs,

vs.

RAMON LUIS AYALA RODRIGUEZ, *et al.*,

   Defendants.

_____/

## ORDER DENYING MOTION FOR NEW TRIAL

This matter is before the Court on Defendants' Motion for a New Trial [DE-257].   This case arises from a failed series of concerts in Argentina involving Daddy Yankee.  The case was tried on breach of contract claims, defamation claims, and injurious falsehood claims, resulting in a Plaintiffs' verdict.  Defendants move for a new trial on three grounds: (1) the Court erroneously permitted Plaintiffs to introduce evidence disclosed after discovery had closed; (2) Defendant Baldiri should have been permitted to testify as to the meaning and intent of his statement about "hitting him hard;" and (3) the record is incomplete because there are no recordings of the trial to demonstrate that mistranslations harmed Defendants.  Because Defendants have not met the standard for a new trial, the motion is denied.

Federal Rule of Civil Procedure 59(a) governs the granting of a new trial.  The Rule uses broad language, permitting a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Under the Rule, a new trial may be warranted if "the verdict is against the weight of the evidence, damages are excessive, or, for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940).  Defendants have not established any of these grounds.

Defendants first argue that the Court erred when it allowed Plaintiffs to use at trial evidence first disclosed six months after the close of evidence. Specifically, Plaintiffs sought, and the Court permitted, use of a recording of a radio interview given by Defendant Baldiri. Defendants now argue that they were prejudiced by this decision because they did not have an opportunity to conduct discovery. While Defendants argue that they were prejudiced by this, in their opposition to the motion to introduce the recording, they did not set out what discovery they would need or how they would be prejudiced by the recordings' introduction. *See* DE-190. Further, a transcript of the Pretrial Conference where this motion was discussed, indicates that the only discovery sought by Defendants regarding the recording involved authenticity, something Plaintiffs would have to establish in order to use the recording at trial. Additionally, a comparison of the statements in the recording to the statements previously disclosed by Plaintiffs indicate that the content of the statements, while not word-for-word exactly the same, were the same. *Compare* DE-35, Exs. 66 & 71 with Plaintiffs' Ex. 191. Consequently, Defendants have not met their burden of establishing that use of the recording was not fair or in any way prejudiced them so as to require a new trial.

Defendants next argue that the Court erred when it did not permit Baldiri to explain an email message he had sent to local producers, stating "we have to hit [him] hard," referring to De Iraola. Defendants contend that this email was the only evidence of malice presented by Plaintiffs and, thus, Baldiri should have been permitted to testify as to his intent in the email. Plaintiffs respond that Baldiri was not prevented from testifying as to his state of mind and what he intended by sending the email. In their reply, Defendants assert that in order to testify as to intent Baldiri should have been permitted to address the word "him" in brackets in the email.

However, a review of the transcript cited by Defendants indicates that, when Defendants raised this issue during trial, Defendants arguments focused on explaining the translation, not Baldiri's intent. *See* DE-248:4-15-10:10. Thus, at trial, Defendants did not raise the issue they now raise – that Baldiri should be permitted to address his intent in making the statement because it was relevant to the issue of malice. Instead, Defendants' focus was on correcting or clarifying a translation to which they had previously agreed. Consequently, if there was error, it was insufficient to warrant a new trial.

Finally, Defendants maintain that they are entitled to a new trial because there are no recordings of the testimony to demonstrate how mistranslations harmed Defendants. Many of the witnesses testified in Spanish, requiring an interpreter. Defendants argue that the interpreter made numerous material mistranslations and omissions during the trial and that the only way to prove that would be to have an audio, or video and audio, recording of the trial. However, Defendants have cited no authority that entitles them to have the proceedings recorded, other than by a court reporter. The cases cited by Defendants involve situations were the transcripts were incomplete. Such is not alleged here. Defendants have cited to no authority indicating that an incomplete record exists when testimony given in a language other than English is translated to English and only the English testimony is recorded. Further, the Court notes that the parties agreed on the translator used, who, according to Plaintiffs, was actually recommended by Defendants. Simply because Defendants, in retrospect, feel that they chose poorly does not entitle them to a new trial. Additionally, Defendants had present at counsel table people who spoke both English and Spanish. Thus, Defendants could have objected at the time to the allegedly incorrect translations, but chose not to. The purpose of a new trial is not to allow a

party to correct its own errors in judgment.  Consequently, Defendants are not entitled to a new

trial.  Accordingly, it is

ORDERED that Defendants' Motion for a New Trial [DE-257] is DENIED.

DONE and ORDERED in Miami, Florida, this __14th__ day of August, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All Counsel of Record